[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2011
JOHN LEY
CLERK

No. 11-11029
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00363-JEC-AJB-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

LAWANDA MOODY,

                                                            Defendant-Appellant,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 17, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

        Lawanda Moody appeals from her sentence of 12 months and 1 day for bank

fraud, in violation of 18 U.S.C. § 1344. On appeal, she argues that her sentence was

substantively unreasonable in light of her low risk of recidivism. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S. Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010).

Although we do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. United

States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

We have previously held that it was substantively unreasonable for a district court to impose a sentence of probation following a bank fraud scheme that inflicted a loss totaling more than $480,000. United States v. Crisp, 454 F.3d 1285, 1290 (11th Cir. 2006). We specifically concluded that the sentence of probation did not "reflect the seriousness of the crime, promote respect for the law, . . . provide just punishment for the offense, . . . [or] afford adequate deterrence to criminal conduct." Id. at 1291.

Here, Moody's 12-month-and-1-day sentence, at the low end of her guideline range, was not substantively unreasonable in light of (1) the nature and circumstances of the offense, (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, and (3) the need to deter criminal conduct. 18 U.S.C. § 3553(a). As the district court noted, Moody's crime involved an ongoing series of fraudulent transactions, rather than a single isolated incident. It also resulted in a loss of $190,399.42. Based on somewhat similar facts, we held in Crisp that a sentence of probation was not reasonable. Crisp, 454 F.3d at 1290-91. Thus, the district court's judgment with regard to the § 3553(a)

4

factors is entitled to deference and, under these circumstances, it did not make a clear error in judgment in sentencing Moody to 12 months and 1 day in prison.  Irey, 612 F.3d at 1190.

**AFFIRMED.**